THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of BERNARD P. SHANLEY, Respondent, *v.* FORREST C. STOWERS, Appellant.

First Department, May 17, 1940.

*Morris A. Schoenfeld,* for the appellant.

*Manuel Robbins, Deputy Assistant District Attorney,* of counsel [*Stanley H. Fuld, Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

DORE, J. The issue on this appeal is whether defendant was properly convicted of violating section 65 of the Vehicle and Traffic Law, which makes it unlawful for any person " to sell or offer for sale a motor vehicle * * * the original engine number of which shall have been destroyed, removed, [or] altered * * *." The material facts are not in dispute.

The evidence established that defendant, who is engaged in the export business, purchased the Buick sedan in question as agent for a customer of his in Venezuela, who sent him the money to purchase the car. Defendant frankly admitted to the police officer that the motor number had been changed for the purpose of exporting the car to Venezuela and that the change was made to conceal the identity of the car so as " to protect the dealer." Presumably this meant to keep the manufacturer from later ascertaining that the car was sold by a dealer outside of his territory. The car was bought from a distributor in upstate New York and had been shipped to New York city as a steamship consignment for export.

Defendant was tried by the magistrate sitting as a Court of Special Sessions to determine whether or not he had sold or offered for sale a motor vehicle with a changed number, in violation of the statute. The trial court expressly and repeatedly found that there was, on the evidence adduced, no sale or offer to sell; that defendant was not selling but buying the car as agent for his Venezuela customer; and that defendant was a merchant of good reputation who had acted in good faith. Nevertheless, he found defendant guilty but suspended sentence.

On the undisputed facts in this record, the finding that defendant violated the statute was erroneous. The People argue that if this court finds defendant was an independent dealer engaged in the business of buying and selling automobiles, the relation of principal and agent could not exist, and if that be so " there is technical support for the magistrate's decision that the transaction constituted a sale within the meaning of section 65 of the Vehicle and Traffic Law." The difficulty with that contention is there is no evidence in the record to support it and the trier of the facts so found.

If the Legislature, to carry out the purpose and intent of the statute, desires to make unlawful a transaction such as the one here revealed, it may do so by appropriate amendment of the statute. But on the facts as found, this defendant is not guilty of a violation of the statute as framed.

The judgment of conviction should be reversed and the complaint dismissed.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and the complaint dismissed.